UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OSRECOVERY, INC., et al.,

Plaintiffs,

-against-                                                    02 Civ. 8993 (LAK)

ONE GROUPE INTERNATIONAL, INC., et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Defendant Latvian Economic Commercial Bank ("Lateko") has moved to dismiss the second amended complaint on the grounds that it is not subject to personal jurisdiction, the complaint fails to state a claim against it upon which relief may be granted, the complaint fails to allege fraud with particularity, and the claims of plaintiff OSRecovery, Inc. are barred by N.Y. JUD. L. § 489. Lateko subsequently withdrew so much of the motion as seeks dismissal on personal jurisdiction grounds. The balance of the motion is ripe for disposition.

      The claims against Lateko are brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and for common law fraud, negligent misrepresentation, breach of fiduciary duty, aiding and abetting common law fraud, and to impose a constructive trust. The RICO, common law fraud, and aiding and abetting claims all are subject to Fed. R. Civ. P. 9(b). The remaining claims all incorporate the fraud claims by reference and thus also sound in fraud. Accordingly, they too are subject to Rule 9(b). *See, e.g., Rombach v. Chang,* ___ F.3d ___, Nos. 02-7907(L), 02-7933(XAP), 2004 WL 77928 (2d Cir. Jan. 20, 2004) (Securities Act claims which do not require proof of fraud nevertheless subject to Rule 9(b) where claims sound in fraud).

      All of plaintiffs' fraud-based claims against Lateko require proof of *scienter,* whether formulated as culpable adherence to a fraudulent scheme forming the basis of mail or wire fraud predicates acts for purposes of RICO, knowledge of falsity for purposes of common law fraud or fraudulent breach of fiduciary duty, culpable knowledge of the principals' fraud for purposes of aiding and abetting, and so on. In each case, therefore, Rule 9(b) requires the allegation of facts from

which a strong inference of fraud reasonably may be drawn.[1]  The requisite "strong inference" of fraud may be established by alleging facts either (a) showing that defendants had both motive and opportunity to commit fraud, or (b) constituting strong circumstantial evidence of conscious misbehavior or recklessness.[2]  Moreover, allegations made on information and belief are insufficient "'unless the facts are peculiarly within the knowledge of the defendants, in which case the complaint must allege facts demonstrating the basis for the information and belief.'"[3]

      As plaintiffs' papers make abundantly clear, the essence of plaintiffs' position here, which rests in some part on allegations made on information and belief, is that Lateko "knew or should have known of the [core defendants'] intent to defraud innocent victims of their hard-earned money." Pl. Mem. 59.  While the inclusion of the phrase "or should have known" perhaps is an immaterial albeit insufficient alternative theory, *see, e.g., CMNY Capital, L.P. v. Deloitte & Touche,* 821 F. Supp. 152, 157 & n.3 (S.D.N.Y. 1993), the second amended complaint does not clearly set forth the factual basis for plaintiffs' allegations on information and belief and or what precisely they claim Lateko knew at relevant times, let alone the facts upon which such claims of knowledge are based.  Accordingly, for these reasons alone, and possibly others that need not now be detailed, the complaint fails to allege fraud by Lateko the particularity required by Rule 9(b).  As it is not clear, however, that plaintiffs are unable to allege legally sufficient claims against Lateko, leave to amend will be granted and a few additional words of guidance are appropriate.

      First, plaintiffs purport to have claims against Lateko of which *scienter* is not an indispensable element.  The incorporation in these claims by reference of the fraud allegations rendered them subject to Rule 9(b).  Any amended pleading should carefully distinguish between claims in which plaintiffs rely on proof of *scienter* and claims that do not so require.  Absent the filing of such an amended complaint, it would be premature to determine the legal sufficiency of such claims.

      Second, insofar as Lateko relies upon N.Y. JUD. L. § 489 in support of dismissal of the claims of plaintiff OSRecovery, Inc., the motion is denied on the merits.  "[V]iolation of Section 489 turns on whether 'the primary purpose of the purchase [was] . . . to bring a suit,' or whether 'the intent to bring a suit [was] . . . merely incidental and contingent.'" *Elliott Associates, L.P. v. Banco de la Nacion,* 194 F.3d 363, 378 (2d Cir. 1999) (quoting *Moses v. McDivitt,* 88 N.Y. 62, 65 (1888)).  It "is not violated when, as here, the accused party's 'primary goal' is found to be satisfaction of a valid debt and its intent is only to sue absent full performance." *Id.* at 381.  This is an inherently fact specific inquiry, and certainly not a matter that may be decided, except perhaps in the most extraordinary circumstances, on a motion by a defendant to dismiss a complaint brought by the putative assignee.

---

[1]     *E.g., Nat'l Council of Young Israel v. Wolf,* 963 F. Supp. 276, 281 (S.D.N.Y. 1997).

[2]     *Shields v. Citytrust Bancorp., Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994).

[3]     *Id.* (quoting *Spira v. Nick,* 876 F. Supp. 553, 557 (S.D.N.Y. 1995)).

Third, as the Court assumes that plaintiffs will amend, discovery is to continue unabated. In particular, Lateko shall proceed notwithstanding this order.

Finally, if plaintiffs elect to amend pursuant to this order, they should take their best shot and should not assume that leave to amend will be granted yet again.

For the foregoing reasons, the motion of Latvian Economic Commercial Bank to dismiss the second amended complaint is granted to the extent that the second amended complaint is dismissed for failure to allege fraud with the particularity required by Fed. R. Civ. P. 9(b), with leave to file a third amended complaint no later than March 1, 2004, and denied in all other respects.

SO ORDERED.

Dated: February 5, 2004

_____
Lewis A. Kaplan
United States District Judge

Copies mailed 2/5/04
Chambers of Judge Kaplan

It is ORDERED that counsel to whom this Order is sent is responsible for faxing a copy to all counsel and retaining verification of such in the case file. Do not fax such verification to Chambers.