UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OS RECOVERY, INC., et al.,

                          Plaintiffs,

            -against-                                          02 Civ. 8993 (LAK)

ONE GROUPE INTERNATIONAL, INC., et al.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# ORDER

LEWIS A. KAPLAN, *District Judge.*

            Defendant Latvian Economic Commercial Bank ("Lateko") moves *in limine* for a

determination whether each plaintiff must prove his, her or its claims at trial or whether the plaintiffs

will be allowed to prove their claims on some other basis.

## *Facts*

            The nature of this case and of Lateko's alleged role in it have been discussed extensively

in prior opinions, familiarity with which is assumed.[1]  Suffice it to say for present purposes that

defendants David C. Reed, Randy L. Johnson, and entities they controlled (collectively "One Groupe")

allegedly spearheaded a two part fraudulent scheme by which they bilked plaintiffs and others of

millions of dollars.  One phase of the scheme involved the sale over the Internet of a purported Internet

currency called "OSGold," the other the sale of a "high yield" investment program called "OSOpps."

---

[1]     *E.g., OSRecovery, Inc. v. One Groupe Int'l, Inc.,* 354 F. Supp.2d 357 (S.D.N.Y. 2005); *id.*
        2004 WL 238035 (S.D.N.Y. Feb. 9, 2004); *id.* 305 F. Supp.2d 340 (S.D.N.Y. 2004).

The case initially was brought on behalf of several thousand plaintiffs, all of whom were joined as parties.  It is not a class action.

Lateko is alleged to have been a culpable participant by virtue of its provision, pursuant to an agreement with one of the One Groupe entities, of anonymous debit cards to OSGold and OSOpps account holders through a master account system that allegedly allowed One Groupe to steal the account holders funds.  What remains against Lateko are RICO claims on behalf of domestic plaintiffs under 18 U.S.C. §§ 1962(c) and (d), a claim of aiding and abetting the alleged common law fraud of One Groupe, and a claim for imposition of a constructive trust.  Lateko contends, and plaintiffs do not dispute, that 201 plaintiffs with claims against Lateko remain in the action.

## Discussion

The genesis of the present motion is plaintiffs' assertion that they should be permitted to prove their cases on some sort of sampling or representative basis.  In response to the motion, they appear to have modified their position.  They now argue only that New York law governs the common law claims, that New York does not require a showing of individual reliance in mass fraud cases, and that both reliance and causation should be presumed.

Plaintiffs rely on *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*[2] The plaintiff there sued tobacco companies for common law fraud and violation of the New York Consumer Protection Act.  Defendants moved for summary judgment, arguing in pertinent part, under

---

[2]

133 F. Supp.2d 162 (E.D.N.Y. 2001).

*Erie R. Co. v. Tompkins*,[3] that plaintiff's claims "must, as a matter of substantive law, be based upon proof of individual injury by an individual's smoking, reliance, and disease"[4] because allowing proof of those matters by statistical evidence would alter that plaintiff's state law causes of action. The court rejected the argument, but the case does not aid plaintiffs nearly as much as they hope.

Judge Weinstein in *Blue Cross* correctly noted that there is an important distinction between the admissibility of statistical proof and its sufficiency and pointed out also that "[w]hile statistical methods certainly ease the plaintiff's ability to satisfy its burden of proof, it does not alter the elements of New York State substantive law."[5]

In this case, neither side has put before the Court any statistical or other generalized proof. The questions whether any such proof upon which plaintiffs may rely is admissible or sufficient to reach the trier of fact cannot be determined in the abstract. To the extent that plaintiffs seek a ruling with respect to whether the substantive law of New York presumes reliance and causation in a case such as this, they are seeking an advisory opinion. And even if a presumption of reliance might arise under New York law, *see, e.g., Ackerman v. Price Waterhouse*,[6] that presumption almost surely would be rebuttable and thus open the door to individualized proof by Lateko with respect to the plaintiffs.[7]

---

[3]
    304 U.S. 64 (1938).

[4]
    133 F. Supp.2d at 171.

[5]
    *Id.* at 173.

[6]
    252 A.D.2d 179, 197-98, 683 N.Y.S.2d 179, 192 (1st Dept. 1998).

[7]
    Plaintiffs similarly suggest in passing "that a showing of reliance on [RICO] claims can . . . be aggregated." For the reasons noted, a ruling at this time on whether federal law

*Conclusion*

In all of the circumstances, there is little that the Court properly may say at this juncture that the parties would find helpful. It goes without saying that no plaintiff may recover absent proof of all of the elements of that plaintiff's claim. The Court cannot, as an abstract matter, exclude the possibility that plaintiffs conceivably might offer some form of generalized and admissible proof sufficient to get to the jury on one or both of the common law claims of some or all of the plaintiffs. Nor can it say at this point that the evidence could not warrant a presumption of reliance.[8] On the other hand, even if a presumption of reliance were warranted, any such presumption almost surely would be rebuttable. In consequence, even if plaintiffs could get to the jury on a generalized showing, it likely would remain open to Lateko to defend with individualized proof concerning lack of reliance by some or all plaintiffs.

Accordingly, Lateko's motion [docket item 270] is denied without prejudice to any objections it may have to the admissibility and sufficiency of plaintiffs' proof at trial.

SO ORDERED.

Dated: April 21, 2005

It is ORDERED that counsel to whom this Order is
sent is responsible for faxing a copy to all counsel
and retaining verification of such in the case file.
Do not fax such verification to Chambers.

Lewis A. Kaplan
United States District Judge

---

[8]   requires individualized proof in a case such as this would be merely advisory.

*See, e.g., Ackerman v. Price Waterhouse,* 252 A.D.2d 179, 197-98, 683 N.Y.S.2d 179, 192 (1st Dept. 1998); *but see SIPC v. BDO Seidman, LLP,* 222 F.3d 63, 73 (2d Cir. 2000); *Cromer Finance Ltd. v. Berger,* No. 00 Civ. 2284 (DLC), 2003 WL 21436164, at *13 (S.D.N.Y. June 23, 2003).

Copies mailed   AEA
Chambers of Judge Kaplan
4/21/2005