UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
OS RECOVERY, INC., et al.,

        Plaintiffs,

        -against-                             02 Civ. 8993 (LAK)

ONE GROUPE INTERNATIONAL, INC., et al.,

        Defendants.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant Latvian Economic Commercial Bank ("Lateko") moves for sanctions against plaintiffs who have served allegedly insufficient responses to discovery requests. It claims that all of the 202 remaining plaintiffs have failed adequately to respond to its discovery requests and seeks dismissal of their claims.

        Lateko has divided the alleged failures into 15 categories and provided the Court with a spreadsheet that purports to reflect, in grid form, which of the categories of deficiencies categorizes the responses of each plaintiff. At the outside, then, there are potentially 3,030 claims of deficient responses (202 plaintiffs times 15 categories of deficiencies). While the number actually claimed by Lateko is smaller – not every plaintiff is said to have failed in each of the 15 claimed respects – it still is very large, probably in the low thousands. Some of the categories of claimed deficiencies, if indeed Lateko's characterizations are correct, appear to be substantial and perhaps even to warrant dismissal. Others appear insubstantial or even trivial.[1]

        Fed. R. Civ. P. 26(b) was amended a few years ago to permit courts to limit unreasonably cumulative or duplicative discovery, to foreclose discovery where the party seeking it has had ample opportunity to obtain the information by other means, or where the burden or expense of the proposed discovery outweighs its likely benefit and to do so on its own initiative. Fed. R. Civ. P. 26(b)(2). Common sense suggests that the same considerations justify a conclusion that

---

[1] For example, although 172 plaintiffs have produced at least one form of government-issued picture identification, Lateko asks that all of their cases be dismissed because they have failed to produce two. In another case, they seek dismissal of 16 plaintiffs on the ground that they failed to state their ages in response to an interrogatory. Thirteen of these, however, produced copies of government-issued picture identification such as driver's licenses and passports – documents that reflect their ages.

a district court, in its discretion, may refuse to comb through hundreds or thousands of discovery responses in a search for deficiencies that might warrant dismissal where the party seeking such sanctions evidently have failed to make a serious effort to separate wheat from chaff.

Accordingly, Lateko's motion for sanctions against the Doe plaintiffs and OSRecovery, Inc, is denied. Lateko may renew its motion, if it is so advised, provided:

- Its counsel of record certifies that, in his professional opinion, the alleged defects as to each plaintiff are so prejudicial to Lateko's defense and substantial that they warrant dismissal.

- It relies on no more than two alleged deficiencies in support of relief with respect to any given plaintiff.

- It serves and files its motion no later than July 19, 2005.

- It clearly demonstrates the prejudice to its defense of each alleged deficiency on the part of each plaintiff.

This is not to say that plaintiffs have been blameless with respect to this motion. It seems reasonably clear that many plaintiffs, despite repeated efforts by their counsel, have not complied with discovery demands. Their counsel must understand that the ultimate responsibility here lies with their clients. A client's substantial and prejudicial failure to comply with discovery obligations, despite the best efforts of its counsel, may warrant dismissal.

The parties are urged to attempt to resolve these matters without further court intervention.

The Court notes also that it has been unable to find the original of Lateko's motion on file in the Clerk's Office although it frankly concedes that the large volume of papers filed under seal perhaps has obscured its presence. Lateko shall ensure that the motion is filed of record.

SO ORDERED.

Dated: July 12, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)