UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OSRECOVERY, INC., et al.,

                 Plaintiffs,

       -against-                               02 Civ. 8993 (LAK)

ONE GROUPE INTERNATIONAL, INC., et al.,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

                 Wayne C. Matus
                 A. John Mancini
                 MAYER, BROWN, ROWE & MAW LLP
                 *Attorneys for Plaintiffs*

                 Lawrence W. Newman
                 BAKER & MCKENZIE
                 *Attorneys for Defendant Latvian Economic Commercial*
                 *Bank*

LEWIS A. KAPLAN, *District Judge.*

         The case is before the Court on a motion by defendant Latvian Economic Commercial

Bank ("Lateko") for summary judgment dismissing the complaint.

*Facts*

         Plaintiffs are former investors in an alleged scheme involving the sale of a

non-existent gold-backed Internet currency ("OSGold") and the operation of a massive Ponzi scheme disguised as a high-yield investment program ("OSOpps"). They allege that Lateko contributed to the scheme by providing certain key defendants with anonymous debit cards, which the defendants in turn distributed to OSGold and OSOpps account holders. The debit cards allegedly were linked to Lateko bank accounts controlled by the defendants, giving the defendants access to cardholders' funds.[1] The facts are described in greater detail in the Court's opinion on Lateko's motion to dismiss, familiarity with which is assumed.[2] Following that ruling, plaintiffs' remaining claims against Lateko are for violations of Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[3] aiding and abetting common law fraud, and imposition of a constructive trust.

## Discussion

### A. Causation Under RICO

Lateko first argues that plaintiffs who did not possess and fund one of its debit cards and lose money as a result cannot establish that the alleged RICO violations caused their losses.[4] It contends that plaintiffs' RICO allegations against it "revolve around the bank's debit cards and

---

[1] Lateko's motion does not address whether there is a triable issue of fact as to these allegations. *See* Def. 56.1 St.

[2] *See OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 354 F. Supp. 2d 357 (S.D.N.Y. 2005).

[3] 18 U.S.C. §§ 1962(c)-(d).

[4] It is undisputed that only 11 of the 202 plaintiffs remaining in this action funded a debit card. *See* Pl. 56.1 St. ¶ 4.

the plaintiffs' possession and/or use of such cards."[5]

Plaintiffs argue principally that Lateko's alleged RICO violations caused the losses of all plaintiffs, even those who did not hold a debit card, in that Lateko (1) lent credibility to the scheme by participating and (2) prevented authorities from discovering the fraud sooner by helping to conceal it.[6] Neither theory is sound or supported by the evidence.[7] Nevertheless, oral argument revealed that there is a more substantial theory.

Under the mail and wire fraud statutes, use of the mails or wires in furtherance of a scheme to defraud to which the defendant is a party is attributable to that defendant, even if the mailing or use of the wires was made by someone else, as long as the use was reasonably foreseeable.[8] Here, plaintiffs allege that Lateko and its co-defendants committed predicate acts of mail and wire fraud by using "the Internet, the mails, and interstate wires and telephones, in order to solicit depositors and investors, maintain depositor and investor confidence in the system, and collect depositor and investor money."[9] Included among Lateko's co-defendants are the core defendants who allegedly orchestrated the OSGold / OSOpps scheme and whose culpability, for

---

[5] Def. Mem. 3.

[6] *See* Pl. Mem. 6-7.

[7] Plaintiffs' two theories are problematic in many respects. For example, even assuming *arguendo* that Lateko extended the life of the scheme, plaintiffs offer no evidence to show that any of them invested in the scheme during that prolonged life.

[8] *See Pereira v. United States*, 347 U.S. 1, 8-9 (1954); *United States v. Muni*, 668 F.2d 87, 89 (2d Cir. 1981).

[9] Cpt. ¶ 258.

purposes of this motion, has not been disputed. If the predicate acts of mail and wire fraud committed by these defendants caused the injuries of all plaintiffs who lost money in the scheme, and if these acts are attributable to Lateko under the mail and wire fraud statutes, then Lateko's alleged RICO violations arguably caused the injuries of any plaintiffs who lost money in the scheme, regardless of whether or not they held debit cards.[10]

Lateko seeks summary judgment solely on the basis that plaintiffs cannot establish causation or damages. Its causation argument assumes that the only predicate acts attributable to it are those relating to debit cards. It does not on this motion challenge plaintiffs' allegations that its co-defendants committed the alleged predicate acts of mail and wire fraud, that those acts caused plaintiffs' losses, that they were reasonably foreseeable, and that Lateko was a participant in the underlying fraudulent scheme. Accordingly, Lateko has failed to show that there is no triable issue of fact as to the causation element of plaintiffs' RICO claims.[11]

Lateko counters by reference to a footnote in the Court's opinion on its motion to dismiss, where the Court wrote:

"Although the intricacies of the tiered account system are not apparent at this stage, the Complaint alleges that money was deposited into sub-accounts only after an

---

[10]

A plaintiff asserting a Section 1962(c) claim satisfies the causation element in Section 1964(c) by showing an injury caused by the pattern of racketeering activity constituting the violation or the individual predicate acts themselves. *See, e.g.*, *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990).

[11]

For these reasons, Lateko's motion fails insofar as it seeks dismissal (1) of plaintiffs' claims for aiding and abetting common law fraud and constructive trust and (2) on the ground that the Court lacks subject matter jurisdiction. Lateko assumes, in seeking summary judgment on these issues, that it is liable only for acts and injuries relating to its issuance of debit cards.

OSGold account holder exchanged OSGold into hard currency. It follows that a plaintiff who never exchanged OSGold into hard currency never would have had funds deposited into the Lateko tiered account system. If this was the case, then Lateko's alleged predicate acts would not have caused that plaintiff's losses. Lateko's conduct arguably would have caused the losses only of those plaintiffs whose funds entered the tiered account system and were lost as a result."[12]

To be sure, this observation supports Lateko's position. The problem, however, is that the point discussed above -- viz., that mailings and wire communications by others in a scheme that included Lateko were predicate acts by Lateko -- did not arise in connection with Lateko's motion to dismiss. It has arisen now. It requires denial of Lateko's motion.

B.    *Sufficiency of Damages Evidence*

Lateko moves for summary judgment dismissing the RICO and aiding and abetting claims of plaintiffs who have produced no documentary evidence, or insufficient documentary evidence, of damages. It urges the Court to adopt a *per se* rule that damages must be established through documentary evidence. But none of the authorities it relies upon supports such a rule, and several courts have concluded otherwise.[13] Moreover, plaintiffs have come forward with evidence of damages in the form of their answers to interrogatories, and such materials may be relied upon to create a genuine issue of fact.[14] Lateko therefore has not sustained its burden of showing that there

---

[12]

*OSRecovery, Inc.,* 354 F. Supp.2d at 373 n.120.

[13]

*See, e.g.*, *Lykes Lines Ltd. v. M/V BBC SEALAND*, 398 F.3d 319, 327 (5th Cir. 2005) (no error in awarding damages where a portion of amount was based upon oral testimony and unsupported by documentary evidence); *Elec. Servs. Int'l, Inc. v. Silvers*, 284 A.D.2d 367, 368, 726 N.Y.S.2d 441, 442 (2d Dep't 2001) ("Proof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs.").

[14]

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); FED. R. CIV. P. 56(e).

is no genuine issue of fact as to damages.

## C.    *Real Party In Interest*

Lateko further seeks summary judgment against a number of plaintiffs on the ground that they are not real parties in interest to the claims that they assert.

Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest."  The plaintiff bears the burden of "show[ing] that he has a substantive right to recover and thus is the real party in interest."[15]

Lateko's motion focuses on three different groups of plaintiffs: (1) plaintiffs who admitted, in response to Interrogatory 23, or elsewhere, that they are bringing claims on behalf of others, (2) plaintiffs who failed to respond to Interrogatory 23, and (3) OSRecovery.[16]

### 1.    Plaintiffs who admit that they sue on behalf of others

Five plaintiffs, Does 39, 68, 273, 768, and 794, are bringing claims on behalf of themselves and others.[17]  Lateko argues that Doe 741 also is bringing claims on behalf of another.

---

[15]

20 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE DESKBOOK § 75 (2002).

[16]

Interrogatory 23 asked, in relevant part, "If you are representing another person . . . in this litigation, in the sense that any of the damages that you are seeking are for or on behalf of another person, identify . . . that person's name, address, place of incorporation (if applicable), the amount of the portion of the claim that is for such person, the basis on which you are acting for the person and all documents evidencing any agreement with the person concerning the claim in this litigation."

[17]

Def. 56.1 St. ¶¶ 16 (Doe 39), 17 (Doe 68), 18 (Doe 273), 19 (Doe 768), 22 (Doe 794); Pl. 56.1 St. ¶¶ 16-19, 22.  Does 39, 68, 273, and 768 admitted in their answers to Interrogatory 23 that they are bringing claims on behalf of others.  *See* Hutchins Decl. Exs. 39, 68, 273,

It relies upon his deposition testimony, in which he stated that he is bringing claims on behalf of others.[18] Although plaintiffs dispute this in their Rule 56.1 statement, they cite no evidence to the contrary and provide no explanation.[19] The Court therefore accepts as true that he is bringing claims on behalf of others.

According to Lateko, there is no genuine issue of fact that these plaintiffs are not real parties in interest insofar as they assert claims on behalf of others. There is evidence, however, that three of these individuals, Does 39, 273, and 741, were orally assigned these claims,[20] and that one, Doe 68, was orally assigned the claims of two of the five individuals on whose behalf he brings suit.[21]

Although Lateko states that this evidence is "utterly insufficient" to establish the

---

[18] and 768. Plaintiffs "accept[] as true for purposes [of this motion]" that Doe 794 is bringing claims on behalf of others. *See* Pl. 56.1 St. ¶ 22.

*See* Torre Decl. Ex. Q at 52-58. Although Lateko interprets this plaintiff's deposition testimony to say that he is bringing claims on behalf of another person, Doe 741 actually appears to be bringing claims on behalf of many individuals. *See id.*

For ease of reference, the Court assumes that the gender of the Does, whose identities are confidential, is the same.

[19] *See* Pl. 56.1 St. ¶ 21.

[20] *See* Hutchins Decl. Ex. 39 (Doe 39 stating, in response to Interrogatory 23, that "[e]ach of these individuals has orally assigned their claim to me to prosecute on their behalf"); Carrico Decl. Ex. N at 88-92 (deposition testimony by Doe 273 stating that he was orally assigned claims); Torre Decl. Ex. Q at 52, 57-58 (deposition testimony by Doe 741 stating that claims were transferred to him to bring on behalf of assignors).

[21] *See* Carrico Decl. Ex. D at 87 (deposition testimony by Doe 68 stating that he was orally assigned the claims of two individuals).

existence of an assignment, it does not explain why.[22] "Assuming its validity under applicable substantive law, an assignment for purposes of collection only, in which the assignee has a duty to account to the assignor, transfers substantive rights to the assignee. The assignee is real party in interest even though assignee must account to the assignor."[23] Accordingly, taking the evidence in the light most favorable to plaintiffs, there is a genuine issue of fact as to whether Does 39, 273, and 741 are real parties in interest with respect to all, and as to whether Doe 68 is a real party in interest with respect to some, of the claims that they bring on behalf of others.

Plaintiffs have not, however, come forward with evidence that Does 768 and 794 were orally assigned their claims. They offer deposition testimony by Doe 768 stating that he opened accounts on behalf of two individuals, but he does not state that they ever assigned their claims against the defendants to him.[24] They offer no evidence that Doe 794 was assigned claims.[25]

Nor have plaintiffs come forward with evidence that Doe 68 was assigned the claims of three individuals whose claims he is asserting. They rely upon deposition testimony by Doe 68 stating that he was orally assigned the claims of two persons.[26] This evidence creates a triable issue

---

[22]

*See* Def. Reply 8.

[23]

4 Moore's Federal Practice 3D § 17.11[1][c] (2000); *see also* 6A Charles A. Wright et al., Federal Practice & Procedure § 1545 (1990) ("[F]ederal courts have held that an assignee for purposes of collection who holds legal title to the debt according to the governing substantive law is the real party in interest even though the assignee must account to the assignor for whatever is recovered in the action.").

[24]

*See* Hutchins Decl. Ex. 768 (Interrogatory 23).

[25]

*See* Pl. Mem. 21-26; Pl. 56.1 St. ¶ 22.

[26]

*See* Carrico Decl. Ex. D. at 87.

of fact that he is the real party in interest for these claims. But the deposition testimony does not speak to the remaining three individuals.[27]

Plaintiffs therefore have not shown that a genuine issue of fact exists that Does 768 and 794 are real parties in interest with respect to the claims that they are bringing on behalf of others. Nor do they show that Doe 68 is a real party in interest with respect to the claims of three of the five individuals whose claims he asserts.

The remaining question is whether dismissal of these claims is the appropriate remedy. Noncompliance with Rule 17 is not a ground for immediate dismissal. The rule states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . ."[28] The determination of what constitutes a reasonable time is left to the discretion of the court. Plaintiffs request that the Court grant leave to amend in order to add parties in the event it determines that any plaintiffs are not real parties in interest.

The Advisory Committee notes to Rule 17(a) explain that one of the purposes of the provision requiring courts to allow ratification, joinder, and substitution "is to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." In *Advanced Magnetics, Incorporated v. Bayfront Partners, Incorporated*,[29] the Second

---

[27]
      *See id.*

[28]
      Fed. R. Civ. P. 17(a).

[29]
      106 F.3d 11 (2d Cir. 1997).

Circuit considered the appropriate remedy for a Rule 17(a) defect where it had determined that certain agreements between the plaintiff corporation and its shareholders did not assign the claims being asserted.[30]  The court held that the lower court should have granted leave to amend the complaint in order to substitute the shareholders as plaintiffs.[31]  It explained that the Rule 17(a) defect was the result of "a mistake as to the legal effectiveness of the documents," rather than "bad faith or . . . an effort to deceive or prejudice the defendants."[32]  In addition, there was no unfairness to defendants in allowing the substitution.  The claims of shareholders were "sufficiently asserted in the original complaint," which identified particulars about each shareholder, and the plaintiffs had asked for leave to amend within a reasonable time, even prior to the motion to dismiss.[33]  The court noted that "[a] Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."[34]

Here, plaintiffs have not shown that their noncompliance with Rule 17(a) was the result of difficulty or confusion in identifying the real parties in interest.  This is not a case in which the Court is ruling that assignments originally thought to be effective later were determined to be invalid.  Instead, plaintiffs' trouble arises from a failure to come forward with evidence sufficient

---

[30]
     *Id.* at 18.

[31]
     *Id.* at 18-21.

[32]
     *Id.* at 20-21.

[33]
     *Id.*

[34]
     *Id.* at 20.

to show the existence of the alleged assignments. Indeed, the fact that some plaintiffs came forward with evidence sufficient to create a triable issue of fact as to the existence of valid assignments suggests that the failure of others to do the same is due either to the lack of valid assignments or a failure to exercise due diligence in collecting evidence.

Moreover, plaintiffs have had a reasonable time to respond to Lateko's Rule 17(a) objection. Lateko first raised its objection in early December 2004,[35] and plaintiffs did not serve their opposition papers to the summary judgment motion until more than five months later, on May 31, 2005, giving them ample opportunity to adduce evidence needed to establish valid assignments. The Complaint does not identify any particulars about the individuals plaintiffs want to add, such as their names or the specific amounts being sought. Lateko thus had no reason to suspect the existence of, or seek discovery from, these persons. Given that the deadline for discovery has passed and the parties are on the eve of trial, any amendment would prejudice Lateko.

Accordingly, the claims of Does 68, 768, and 794, insofar as they are brought on behalf of other persons who did not assign their claims to these plaintiffs, are dismissed.

2.    Plaintiffs who failed to respond to Interrogatory 23

Lateko further seeks dismissal of all plaintiffs who failed to respond to Interrogatory 23 on the ground that they failed to comply with this discovery request.

Although Lateko first raised a Rule 17(a) objection on December 3, 2004,[36] it did not

---

[35]    *See* Torre Decl. Ex. N.

[36]    *See id*.

serve Interrogatory 23 until March 4, just a few days prior to the March 10, 2005 deadline the Court

had set for the parties to respond to interrogatories. Accordingly, dismissing on this basis at this time

would unfairly prejudice plaintiffs. Nevertheless, plaintiffs who have not responded to Interrogatory

23 shall complete and serve sworn answers to it within two weeks of the date of this order. Any

failure to do so may result in dismissal of their claims.[37]


      3.      OSRecovery

      Lateko further seeks summary judgment against OSRecovery on the ground that it

does not own any claims. As plaintiffs do not dispute that OSRecovery owns no claims, Lateko's

motion is granted to that extent.

---

[37]     Plaintiffs' representation that "it is clear that [plaintiffs who did not respond to Interrogatory 23] . . . are only bringing a claim on their own behalf," *see* Pl. Mem. 25, is remarkable in light of the fact that at least one such plaintiff, Doe 741, stated in his deposition that he was bringing claims on behalf of others. *See* Torre Decl. Ex. Q at 52, 57-58.

*Conclusion*

For the foregoing reasons, Lateko's motion for summary judgment dismissing the complaint is granted to the extent that the claims of (1) plaintiffs Does 68, 768, and 794, insofar as they are brought on behalf of others who did not assign their claims to them, and (2) OSRecovery, are dismissed. It is denied in all other respects.

SO ORDERED.

Dated: August 1, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)