UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OSRECOVERY, INC.,

                Plaintiff,

    -against-                                                          02 Civ. 8993 (LAK)

ONE GROUPE INTERNATIONAL, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        In an order dated February 1, 2005, familiarity with which is assumed, this Court granted the motion of defendant Parex Bank ("Parex") to dismiss the third amended complaint ("Complaint") for lack of subject matter jurisdiction.[1] Taking into account the factual allegations in the Complaint and evidence outside the pleadings, the Court held that plaintiffs failed to satisfy the conduct and effects tests -- alternative tests that are used to determine the reach of RICO over a foreign entity such as Parex, which is Latvian.[2]

        Plaintiffs now move, pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 54(b), for reconsideration on the grounds that (1) newly available evidence satisfies the conduct and effects tests and (2) the Court overlooked factual allegations in the Complaint sufficient

---

[1] *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993 (LAK), 2005 WL 225325 (S.D.N.Y. Feb. 1, 2005).

[2] *Id.* at *1.

to satisfy the effects test.

The contention that the Court overlooked factual allegations in the complaint sufficient to satisfy the effects test is baseless. So too, for the most part, is the contention that reconsideration is warranted by newly discovered evidence, as plaintiffs largely have failed to show that the evidence relied upon could not have been placed before the Court previously had they acted with due diligence. In any case, the evidence is largely immaterial. Nonetheless, in a decision of even date, the Court is denying the motion of Latvian Economic Commercial Bank for summary judgment dismissing the Complaint on a basis that arguably could require the conclusion that, at least at this stage, the effects test is satisfied by domestic plaintiffs with respect to Parex.[3] Accordingly, notwithstanding the fact that plaintiffs have not sought reconsideration on this ground, the Court grants reconsideration of the ruling with respect to Parex. This, however, is a Pyrrhic victory for plaintiffs.

The lynchpin of the determination that the Complaint adequately alleges subject matter jurisdiction was that the Latvian bank defendants are alleged to have been parties to fraudulent schemes pursuant to which other participants foreseeably engaged in mail and wire communications that damaged domestic plaintiffs and that these mailings and wire communications constituted predicate acts by the banks because they were indictable under 18 U.S.C. §§ 1341 and 1343. In order adequately to plead these mail and wire fraud offenses, however, plaintiffs must

---

[3] *OSRecovery v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993, 2005 WL ___ (LAK) (S.D.N.Y. Aug. 1, 2005).

allege facts giving rise to a strong inference of fraudulent intent.[4] They have failed to do so in the case of Parex.[5]

In order to allege the requisite intent with the particularity required by Rule 9(b), plaintiffs must "(1) alleg[e] facts to show that defendants had both motive and opportunity to commit fraud, or . . . (2) alleg[e] facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."[6] Allegations that are "conclusory" or "unsupported by assertions of fact" are insufficient to satisfy Rule 9(b).[7] In addition, the rule generally does not permit information and belief allegations except for matters that are "peculiarly within the opposing party's knowledge," in which case the allegations must be "accompanied by a statement of facts upon which the belief is founded."[8]

---

[4] *E.g.*, *Beck v. Mfrs. Hanover Trust Co.*, 820 F.2d 46, 49-51 (2d Cir. 1987), *overruled on other grounds by United States v. Indelicato*, 865 F.2d 1370 (2d Cir. 1989) (en banc).

[5] Parex moves to dismiss on the alternative ground that the Court lacks personal jurisdiction. Generally, a court should determine whether it has personal jurisdictional over the parties before addressing the substantive merits of a motion to dismiss. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir.1963) (en banc) (error for district court to dismiss a complaint for failure to state a claim before addressing whether it had personal jurisdiction over defendant). However, where, as here, "the affected defendant does not insist that the jurisdictional issue be determined first, and no special circumstances exist," a court may dismiss on the merits without reaching the issue of personal jurisdiction. *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 40 (1st Cir.1991).

[6] *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 634 (2d Cir. 1996).

[7] *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).

[8] *Id.* at 54 n.1 (citing *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972)); *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *overruled on other grounds by Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1100 n.9, 1100-06 (1991).

4

1. Conscious Misbehavior or Recklessness

Plaintiffs' factual allegations against Parex do not give rise to an inference of conscious misbehavior or recklessness.[9]

They allege, for example, that Parex knew or should have known about the fraud because the tiered account system gave master account holders unlimited access to and control over plaintiffs' funds, the debit cards were anonymous, and there were no restrictions on the amounts of withdrawals.[10] But these features of the account system, standing alone, do not suggest wrongdoing. Plaintiffs do not allege, for example, that such systems generally serve no legitimate purpose and instead are used only to perpetrate frauds.[11]

Plaintiffs allege also that Parex recklessly violated Latvian and unspecified U.S. laws by failing to ascertain the identities of the ultimate beneficiaries of the sub-accounts.[12] They do not, however, allege facts to justify their belief that Parex in fact did not know the identities.[13] Moreover, even assuming *arguendo* that Parex did violate these laws, plaintiffs do not explain how these

---

[9] In addressing *scienter*, plaintiffs' brief sets forth a bullet-point list of conclusory and factual allegations that supposedly show conscious misbehavior or recklessness. *See* Pl. Mem. in Opp. to Motion to Dismiss 34-35. Plaintiffs do not, however, attempt to tie these allegations together or otherwise explain how they add up to show *scienter*. *See id.*

[10] *See id.* at 34; Cpt. ¶ 163.

[11] Moreover, their allegation that master account holders had access to and control over the funds in the sub-accounts is made on information and belief, but they do not allege the basis for their belief. *See* Cpt. ¶ 163.

[12] *Id.* ¶¶ 141, 164.

[13] *See id.*

alleged infractions prevented it from uncovering the fraud or otherwise amounted to recklessness.[14]

Plaintiffs further allege that, "in conscious disregard of [its] fiduciary obligations," Parex did not disclose the nature of the tiered account system, the scheme to defraud, or its failure to investigate the OSGold/OSOpps scheme.[15] However, plaintiffs do not allege facts to show that Parex owed plaintiffs fiduciary duties or a duty to investigate. "Banks generally do not owe a duty, fiduciary or otherwise, to noncustomers with whom they have no direct relationship."[16] Plaintiffs do not allege that they were customers of Parex or that they interacted with Parex other than by making ATM withdrawals. Instead, Reed and the defendant exchange makers held accounts at Parex and purchased the debit cards for those accounts, which they then distributed to the plaintiffs.[17] Although plaintiffs allege that defendant Ecommerce Exchange mailed the debit cards to plaintiffs with an instruction sheet printed on Parex letterhead,[18] there is no basis for concluding that these mailings created a fiduciary or any other relationship between Parex and the account holders. As plaintiffs have failed to allege adequately that Parex owed fiduciary or other duties, their assertion that Parex acted recklessly in breaching those duties is without merit.

---

[14] *Cf. Chill v. GE*, 101 F.3d 263, 270 (2d Cir. 1996) ("Allegations of a violation of GAAP provisions or SEC regulations, without corresponding fraudulent intent, are not sufficient to state a securities fraud claim.").

[15] *See* Cpt. ¶¶ 140-41; Pl. Mem. in Opp. to Motion to Dismiss 34.

[16] *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 354 F. Supp. 2d 357, 371 n.102 (S.D.N.Y. 2005) (citing cases).

[17] *Cf. id.* at 377 (reaching same conclusion with respect to Lateko); *see* Cpt. ¶¶ 146, 149-50.

[18] Cpt. ¶ 150.

6

Plaintiffs allege also that Parex lent an air of legitimacy to the scheme by participating in it. Not only do they fail to allege facts supporting this assertion -- which on its face is dubious -- they fail to explain how this allegation shows recklessness.[19]

Finally, they allege, on information and belief, that Parex held meetings with Reed "for the purpose of solidifying the business partnership" with Reed and other key defendants.[20] But they do not allege the basis for this belief, nor do they allege how it shows that Parex knew or should have known about the fraud.

2. Motive and Opportunity

Plaintiffs allege that Parex had motive and opportunity to commit fraud because it collected fees from the sale of debit cards and the processing of ATM withdrawals.[21] Such a generalized motive, however, could be imputed to any bank and therefore is insufficient to allege *scienter*.[22]

---

[19] *See* Pl. Mem. in Opp. to Motion to Dismiss 34.

[20] Cpt. ¶ 148.

[21] *See* Pl. Mem. in Opp. to Motion to Dismiss 35 (citing Cpt. ¶¶ 147, 157).

[22] *See, e.g.*, *Kalnit v. Eichler*, 264 F.3d 131, 140 (2d Cir. 2001).

7

*Conclusion*

For the foregoing reasons, plaintiffs' motion for reconsideration is granted. Upon reconsideration, the Court concludes that the complaint against Parex fails to state a claim upon which relief may be granted. It therefore is dismissed.

SO ORDERED.

Dated: August 1, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)