UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OSRECOVERY, INC., et al.,

                Plaintiffs,


      -against-                               02 Civ. 8993 (LAK)


ONE GROUP INTERNATIONAL, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        On July 26, the Court denied plaintiffs' motion for the entry of default judgments against six defendants on the ground that no evidence of record indicated that a copy of the summons had been served on them.  The Court ordered plaintiffs to show cause why the action should not be dismissed for failure to serve a summons.  In their response, which was untimely, plaintiffs consent to dismissal of the complaint as against two of the defendants, Frank Zuchristian and Pecunix, Inc. They argue that service on the other four defendants -- One Groupe International, Inc., OSGold.com, OSOpps.com, and David C. Reed (collectively "Core defendants") -- was effective or, in the alternative, that they should be afforded an opportunity to cure the defects in service.


*Rule 4*

        Service of process in the federal system requires service of a summons, in the manner

prescribed in Rule 4, together with a copy of the complaint.[1]  "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."[2]  The rule sets forth in detail the form a summons must take and the process by which a summons must be served.  Although minor or technical defects in a summons in certain circumstances do not render service invalid,[3] defects that are prejudicial to the defendant or show a flagrant disregard for the rule do.[4]  Moreover, actual notice alone will not sustain personal jurisdiction over a defendant.[5]

Here, the deficiency in service did not involve a minor or technical failure, such as misspelling a defendant's name or referring to the complaint for the proper caption,[6] but a complete

---

[1]
Fed. R. Civ. P. 4(c)(1); *accord Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 103 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

[2]
*Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946).

[3]
*See, e.g.*, *Time Products v. J. Tiras Classic Handbags, Inc.*, No. 93 Civ. 7856 (CSH), 1994 WL 363930, at *4 (S.D.N.Y. July 13, 1994) ("As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless and the party will be allowed to amend the summons."); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1088 (2002).

[4]
*See, e.g.*, *Macaluso v. N.Y. Dep't of Envtl. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) (service of an unsigned, unsealed summons "amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4"); *Gianna Enterprises v. Miss World (Jersey), Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (service of unsigned, unsealed summons "may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney"); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1088 (2002).

[5]
*See, e.g.*, *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991); *Martin v. N. Y. State Dept. of Mental Hygiene*, 588 F.2d 371, 373 (2nd Cir. 1978) (per curiam).

[6]
*See, e.g.*, *Gianna Enterprises*, 551 F. Supp. at 1358.

disregard for the requirement that a summons be served.  Plaintiffs do not dispute that they failed to serve a summons, nor do they indicate that they ever attempted to do so.  Instead, they argue that their failure to serve a summons was technical because they served a copy of the Court's November 12, 2002 order to show cause along with the original complaint.  The order did not, however, meet the requirements of Rule 4.  It was not signed or sealed by the clerk and failed to notify the parties that a failure to appear would result in a default judgment.[7]  As plaintiffs' failure to serve a summons constituted a flagrant disregard of Rule 4, service of process was ineffective.[8]

*Extension for Good Cause*

Plaintiffs further argue that they are entitled to an extension for good cause under Rule 4(m), which provides "that if the plaintiff shows good cause for the failure [to the serve the summons and complaint], the court shall extend the time for service for an appropriate period."  In determining whether good cause exists, courts consider plaintiffs' due diligence in attempting to make service and any prejudice that defendants would suffer from the delay.[9]  Thus, good cause is "generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."[10]  "Attorney error or

---

[7]     The order required the defendants to show cause why an order of attachment and a preliminary injunction should not be issued.

[8]     *Cf. Bloom v. Democratic Nat'l Comm.*, No. 01 Civ.11598 (RWS), 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002) (failure to serve a summons renders service of process "fatally defective").

[9]     *See, e.g., Am. Commercial Barge Line Co. v. Tug Joan Salton*, No. 99 Civ. 0846 (RCC), 2001 WL 262724, at *3 (S.D.N.Y. Mar. 16, 2001).

[10]     *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994); *accord Eastern Refractories Co. v. Forty Eight Insulations, Inc.*,

4

inadvertence does not constitute good cause."[11]

Here, plaintiffs have not offered a reason for their failure to serve the summons, nor do they suggest that they ever attempted to serve it.  Instead, they argue that their service of the original Complaint, the November 12 order to show cause, and related documentation shows that they "made reasonable efforts" to effect proper service.  But this argument does not explain the reason for their failure to serve the summons.  The most the Court can assume is that their failure was due to counsel's inadvertence or mistake, neither of which constitutes good cause.  In addition, plaintiffs waited nearly three years since filing the original complaint to request an extension of time. Their failure to do so earlier evidences a considerable lack of due diligence.  Accordingly, they have failed to establish good cause.


*Court's Discretion to Grant an Extension*

Even absent a showing of good cause, a court has discretion to grant an extension in appropriate circumstances.[12]  In making this decision, "[c]ourts will consider whether (1) the defendant had actual notice that the plaintiff had filed a claim; (2) the defendant concealed a defect in attempted service; (3) the defendant suffered prejudice as a result of plaintiff's delay; and (4) if the statute of limitations would bar the refiled action."[13]  Courts consider also plaintiffs' diligence

---

[11] 187 F.R.D. 503, 505 (S.D.N.Y. 1999).

[12] *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 222 F.R.D. 79, 80 (S.D.N.Y. 2004) (citing cases).

[13] *See* Advisory Committee's Notes on 1993 Amendments to Fed. R. Civ. P. 4(m); *see also Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996).

*Am. Commercial Barge Line Co.*, 2001 WL 262724, at *3.

5

in attempting to effect service.[14]

    Here, plaintiffs have not proven that defendants had actual notice or concealed a defect in service.  Moreover, their failure to effect serve appears to have been the result of inadvertence or mistake on the part of counsel.  "[I]f the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits."[15] The requirement under Rule 4 that "a summons shall be served together with a copy of the complaint" is unambiguous.  Based upon their own inadvertence or mistake, plaintiffs failed to do so.

---

[14]

   *Id.* at *5.

[15]

   *Mused v. U.S.D.A. Food & Nutrition Serv.*, 169 F.R.D. 28, 35 (W.D.N.Y. 1996).

6

*Conclusion*

For the foregoing reasons, the action is dismissed as against defendants One Groupe International, Inc., OSGold.com, OSOpps.com, and David C. Reed, for failure to make service, and as against defendants Frank Zuchristian and Pecunix, Inc. by consent.

SO ORDERED.

Dated: August 15, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)